|xCARTER, C.J.,
Concurs.
Louisiana Constitution article 1, § 4[1] clearly mandates that a property owner must be “compensated to the full extent of his loss.” In the case sub judice, the property owner has incurred expert fees in the amount of $14,400.76, and clearly has not been fully compensated for this loss as required by Art. 1, § 4 of the Louisiana Constitution.
Although I agree that the majority opinion is legally correct, I have serious reservations about the portion of the judgment that eliminates the award of expert fees. However, this panel is bound to follow St. Tammany Parish Hospital Service District No. 2 v. Schneider, 2000-0247 (La.App. 1st Cir.5/11/01), 808 So.2d 576, until that decision is reversed by the Supreme Court or overruled by an en banc panel of the First Circuit Court of Appeal.
hPER CURIAM.
This panel’s request that this case be set for rehearing en banc was denied by a vote of the First Circuit Conference. Our result in the original opinion was required by St. Tammany Parish Hospital Service District No. 2 v. Schneider, 2000-0247 (La.App. 1st Cir.5/11/01), 808 So.2d 576. All three panel members desired to revisit whether that ease violated Article 1, Section 4, of the Louisiana Constitution. As set forth by Judge Carter in his concurrence, the panel believes that the landowner in this case will not be “compensated to the full extent of his loss” as required by the Constitution. The landowner will be fully compensated only if allowed to recover the experts’ fees incurred in the litiga *358 tion. The Conference’s vote against granting en banc rehearing leaves the original opinion intact.
REHEARING EN BANC DENIED.

. LSA-Const. Art. 1, § 4 provides in pertinent part as follows:
Every person has the right to acquire, own, control, use, enjoy, protect, and dispose of private property. This right is subject to reasonable statutory restrictions and the reasonable exercise of the police power.
Property shall not be taken or damaged by the state or its political subdivisions except for public purposes and with just compensation paid to the owner or into court for his benefit. Property shall not be taken or damaged by any private entity authorized by law to expropriate, except for a public and necessary purpose and with just compensation paid to the owner; in such proceedings, whether the purpose is public and necessary shall be a judicial question. In every expropriation, a party has the right to trial by jury to determine compensation, and the owner shall be compensated to the full extent of his loss.